# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**CARL TAYLOR, JR.,**

    Petitioner,

v.                                                Case No. 5:25cv036-TKW/MAF

**STATE OF FLORIDA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

On or about February 5, 2025, Petitioner Carl Taylor, Jr., a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On August 1, 2025, Respondent filed an answer, with exhibits. ECF No. 16. Petitioner Taylor has not filed a reply, although he was given the opportunity to do so. *See* ECF No. 13.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. For the reasons stated herein, the filings before the Court show Petitioner is not entitled to federal habeas relief, and this § 2254 petition should be denied.

**Procedural Background**

By information filed January 23, 2023, in Bay County Circuit Court Case 2022-CF-5074, the State of Florida charged Petitioner Carl Taylor, Jr., with four counts in connection with events that occurred on or about December 16, 2022: (1) felon in possession of ammunition, a second degree felony, contrary to sections 775.087(2) and 790.23(1), Florida Statutes; (2) introduction of contraband into state correctional institution, a third degree felony, contrary to section 944.47, Florida Statutes; (3) possession of marijuana less than 20 grams, a first degree misdemeanor, contrary to section 893.13(6)(b), Florida Statutes; and (4) possession of paraphernalia, a first degree misdemeanor, contrary to section 893.147(1)(a), Florida Statutes. Ex. 2 (Information).[1]

On October 4, 2023, Petitioner Taylor signed a Plea, Waiver and Consent form, reflecting he was entering a guilty plea to three of the four charges (Counts 1, 3, and 4) as well as one count of felony battery in a different case, 2023-CF-1775. Ex. 3 (Plea, Waiver and Consent). Among other things, the form indicates agreement to adjudication of guilt and imposition of 48 months' probation as well as 150 days' jail time credit and

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 16.

Case No. 5:25cv036-TKW/MAF

time served on misdemeanors.  *Id*.  On October 13, 2023, the court adjudicated him guilty and sentenced him to 48 months' probation.  Ex. 5.

On February 22, 2024, a Warrant for Violation of Probation (VOP) was signed and served on Petitioner Taylor based on a new law violation.  Ex. 6. Taylor entered a plea to the VOP charge on July 24, 2024, agreeing that his probation would be modified and extended to sixty (60) months from the supervision start date.  Ex. 7.  On July 25, 2024, nunc pro tunc July 24, 2024, the judge entered an Order of Modification of Probation reflecting Taylor's "probation was modified to extend to sixty (60) months from the original date" and "[p]revious conditions reimposed."  Ex. 8.  It does not appear that Taylor appealed from this order or otherwise challenged it in state court.

On February 27, 2025, the Department of Corrections filed a Violation Report requesting a warrant for Taylor's arrest based on two new law violations (aggravated battery and aggravated assault).  Ex. 9.  On May 28, 2025, Taylor admitted the violation and the court revoked his probation.  *See* Ex. 1.  In a judgment and sentence entered May 28, 2025, the court sentenced Taylor to ten (10) years in prison on Count 1 in case number 2022-CF-5074 and five (5) years in prison on Count 1 in case number 2023-CF-1775, to run concurrently.  Ex. 10.  Taylor did not appeal.  *See* ECF No. 16 at 4.

In the meantime, as indicated above, on or about February 5, 2025, Taylor filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The petition presents one ground described as "Felon in possession of Ammunition in Florida" and asserting, as supporting facts: "In case no. 22005074FMA by state law in Florida the jury is told in Florida Statute 10.15(b) give only if defendant is charged with the alternative of carrying a concealed weapon, see 790.001 F.S." ECF No. 1 at 9. Petitioner indicates he did not raise this claim by direct appeal or in a Rule 3.850 motion. *Id*. As relief, he seeks "release from probation and clemency of right." *Id*. at 19.

On August 1, 2025, Respondent filed an answer, with exhibits. ECF No. 16. Petitioner Taylor has not filed a reply, although he was given the opportunity to do so. *See* ECF Nos. 13, 15.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 180-83 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287-88 (11th Cir. 2011).  "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Id*.

Taylor filed this § 2254 petition on or about February 5, 2025, prior to his most recent VOP, for new offenses committed February 21, 2025, which resulted in the court imposing a 10-year prison sentence in May 2025. *Compare* ECF No. 1 *with* Exs. 1, 9, 10.  Taylor did not appeal his judgment and sentence.  *See* ECF No. 16 at 4.  In the only ground presented in the § 2254 petition, Taylor appears to raise a claim regarding jury instructions. ECF No. 1 at 9.  As Respondent indicates, to exhaust such a claim, Taylor would have had to present the claim to the state courts, which he did not do.

*See* ECF No. 16 at 5-7.  Pursuant to 28 U.S.C. § 2254, a federal application for writ of habeas corpus "shall not be granted unless it appears that" the applicant "has exhausted the remedies available in the courts of the State.  28 U.S.C. § 2254(b)(1)(A).  It is well settled that, absent extraordinary circumstances, a federal court will not decide the merits of § 2254 claims until they have been exhausted in state court.  28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Picard v. Conner, 404 U.S. 270, 275 (1971).  An applicant has not exhausted state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  "Where a return to state court would be futile – because the petitioner's claims would clearly be barred by state procedural rules – a federal court can 'forego the needless judicial ping-pong' and treat unexhausted claims as procedurally defaulted."  Hittson v. GDCP Warden, 759 F.3d 1210, 1260 n.56 (11th Cir. 2014).  *See* O'Sullivan, 526 U.S. at 839-40, 848.  Because Taylor did not present his claim to the state court, and a return to state court would be futile at this point, his claim is unexhausted and procedurally defaulted.

Further, as Respondent also points out, it is not clear why Taylor asserts a jury instruction claim when he did not proceed to trial in this case. *Id*. at 7. In addition, to the extent Taylor has presented a claim, it appears to be based entirely on state law and is, thus, not cognizable in a federal habeas proceeding. *Id*. at 17-18.

Based on the foregoing, Petitioner Taylor has not presented an exhausted claim cognizable in a federal habeas proceeding. *See* 28 U.S.C. § 2254. The § 2254 petition should be denied.

## Conclusion

Petitioner Taylor has not shown entitlement to federal habeas relief. It is respectfully **RECOMMENDED** that the § 2254 petition, ECF No. 1, be **DENIED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability. The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument regarding a certificate by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the § 2254 petition (ECF No. 1). It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 5, 2025.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.